**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

_____

TAMARA J. STEPHENS,

    Petitioner,

v.                                                                         Case No. 17-12658

SHAWN BREWER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING MOTIONS TO REOPEN THIS CASE AND AMEND THE PETITION, DIRECTING THE CLERK OF COURT TO SERVE THE PETITIONS ON THE STATE, AND DIRECTING THE STATE TO FILE A RESPONSE**

In 2017, Tamara Joy Stephens filed a pro se habeas corpus petition (ECF No. 1) and a supplemental petition (ECF No. 5). She raised six grounds for relief and asked the court to hold her petition in abeyance while she pursued state remedies for three unexhausted claims. The court granted petitioner's request and closed this case for administrative purposes. (ECF No. 6). Now before the court are Petitioner's motion to reopen this case (ECF No. 7) and motion to amend the habeas corpus petition (ECF No. 8). For the reasons set forth below, the court will grant Petitioner's motions, order the Clerk of Court to serve the appropriate documents on the state, and order the state to file a response.

Following a jury trial in Oakland County Circuit Court, Petitioner was convicted of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b, unlawful imprisonment, Mich. Comp. Laws § 750.349b, and assault with a deadly weapon (felonious assault), Mich. Comp. Laws § 750.82. The trial court sentenced Petitioner as

a habitual offender, fourth offense, to imprisonment for thirty to fifty years for the CSC-I, ten to twenty years for the unlawful imprisonment, and three to fifteen years for the felonious assault.

In Petitioner's direct appeal, she argued that (1) her trial attorney provided ineffective assistance by failing to call an expert witness on the cause of the victim's injuries, (2) the trial court improperly sentenced her based on her lack of remorse, and (3) the trial court erred in scoring fifty points for offense variable seven of the Michigan Sentencing Guidelines. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *See People v. Stephens,* No. 324802, 2016 WL 1276452 (Mich. Ct. App. Mar. 31, 2016) (per curiam).

Petitioner states that she raised the same issues in an application for leave to appeal in the Michigan Supreme Court. On October 26, 2016, the Michigan Supreme Court remanded the case to the trial court pursuant to *People v. Lockridge*, 870 N.W.2d 502 (Mich. 2015), for a determination of whether the court would have imposed a materially different sentence had it not believed it was bound by the Michigan Sentencing Guidelines. The court denied leave to appeal in all other respects. *See People v. Stephens*, 886 N.W.2d 442 (Mich. 2016). On remand, the trial court declined to re-sentence Petitioner, and Petitioner did not appeal the trial court's decision.

Petitioner filed her initial habeas corpus petition in this court on August 11, 2017. She argued that she was entitled to relief for several reasons: (1) she was denied her right to effective assistance of counsel when trial counsel failed to consult or produce an expert witness on the cause of the complainant's injuries; (2) she was denied counsel at a critical stage of trial when trial counsel failed to request jury instructions on lesser-

included offenses for CSC-I; (3) she was entitled to a remand for re-sentencing before a different judge because the sentence was based in part on her refusal to admit guilt; (4) she was entitled to a remand for re-sentencing because the trial court did not instruct the jury on lesser-included offenses; and (5) the trial court erred in scoring fifty points for offense variable seven of the Michigan Sentencing Guidelines. In her supplemental petition filed on September 26, 2017, Petitioner raised a sixth ground for relief, claiming that her appellate attorney was ineffective for failing to raise her claim regarding trial counsel's ineffective assistance.

Petitioner conceded that three of her claims were not raised in state court. She asked the court to hold her petition in abeyance while she presented her unexhausted claims to the state trial court in a motion for relief from judgment.

On October 13, 2017, the court granted Petitioner's request to have the court hold her habeas petition in abeyance and ordered Petitioner to file a motion for relief from judgment in the state trial court within ninety days of the court's order if she had not already filed such a motion. The court also ordered Petitioner to file an amended petition and a motion to reopen this case within ninety days of exhausting state remedies if she was unsuccessful in state court. Finally, the court closed this case for administrative purposes. (ECF No. 6.)

Petitioner raised her first five habeas claims in a motion for relief from judgment, which the trial court denied under Michigan Court Rule 6.508(D). *See People v. Stephens*, No. 13-247948-FC (Oakland Cty. Cir. Ct. Oct. 20, 2017). Petitioner apparently raised her sixth habeas claim in a motion for leave to file an amended or supplemental motion for relief from judgment, but the trial court denied the motion for

lack of merit. *See People v. Stephens*, No. 13-247948-FC (Oakland Cty. Cir. Ct. Oct. 24, 2017). The trial court also denied Petitioner's motion for rehearing or for reconsideration. *See People v. Stephens*, No. 13-247948-FC (Oakland Cty. Cir. Ct. Dec. 11, 2017). The Michigan Court of Appeals subsequently denied leave to appeal, *see People v. Stephens*, No. 340946 (Mich. Ct. App. Mar. 12, 2018), and on December 4, 2018, the Michigan Supreme Court denied leave to appeal. *See People v. Stephens*, 919 N.W.2d 793 (Mich. 2018).

On January 29, 2019, Petitioner filed her motions to reopen this case and to amend her petition. Although she did not file an amended petition with her motions, she did file numerous exhibits, which demonstrate what happened during the post-conviction proceedings in state court. It appears from those exhibits that Petitioner substantially complied with the deadlines set forth in the court's order granting a stay and holding this case in abeyance. Accordingly,

IT IS ORDERED that Petitioner's motion to reopen the case (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that Petitioner's motion to amend her petition (ECF No. 8) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court is DIRECTED to serve the petition (ECF No. 1), the supplemental petition (ECF No. 5), the motions to reopen and to amend (ECF Nos. 7 and 8), and Petitioner's exhibits (ECF No. 9) on the Attorney General for the State of Michigan and on Respondent Shawn Brewer.

IT IS FURTHER ORDERED that the state shall file a response to the petitions and the relevant portions of the state-court record within six (6) months of the date of this order.

IT IS FURTHER ORDERED that Petitioner shall have forty-five (45) days from the date of the responsive pleading to file a reply.

            s/Robert H. Cleland
            ROBERT H. CLELAND
            UNITED STATES DISTRICT JUDGE

Dated: May 14, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 14, 2019, by electronic and/or ordinary mail.

            s/Lisa Wagner
            Case Manager and Deputy Clerk
            (810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C2 ORDERS\17-12658.BREWER.ReopenCase.docx