**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

_____

TAMARA JOY STEPHENS,

      Petitioner,

v.                                       Case No. 17-12658

JEREMY HOWARD,[1]

      Respondent.

_____/

**OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS
CORPUS AND DENYING A CERTIFICATE OF APPEALABILITY**

      Petitioner Tamara Joy Stephens, an inmate confined at the Women's Huron

Valley Correctional Facility, filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254. Petitioner challenges her Oakland County Circuit Court jury trial

convictions for first-degree criminal sexual conduct, Mich. Comp. Laws § 750.520b;

unlawful imprisonment, Mich. Comp. Laws § 750.349b; and felonious assault, Mich.

Comp. Laws § 750.82, for which she is serving prison terms of thirty to fifty years, ten to

twenty years, and three to fifteen years, respectively. The petition raises six claims,

including ineffective assistance of trial and appellate counsel, and jury instruction and

sentencing errors. Because the court finds these claims lack merit, it will deny the

petition. The court will also deny a certificate of appealability.

---

[1]  The court amends the caption to reflect the name of Petitioner's current warden. *See*
Rule 2(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

## I.  BACKGROUND

The Michigan Court of Appeals summarized the facts of Petitioner's case as follows:

> The crimes at issue in this matter involve defendant, defendant's two sisters (codefendant Kelli Hyde . . ., and Anika Garnes . . .), defendant's mother (Theola Garnes . . .), and their apparent belief that the victim stole two rings from Hyde. When the victim visited defendant's house, where Hyde was living, the victim was taken to a bedroom and asked about the rings. The victim testified that when she denied taking the rings, Hyde began to beat her with her fists while defendant repeatedly struck her with a bat. The victim testified that defendant also sodomized her with the bat. Later, the victim was escorted to a SUV and driven from the home. The victim's cellphone, voter registration card, and Social Security card were taken from her, and she was left in a sparsely populated street in East Detroit. She went to the first house she saw, where the owner allowed her to use a phone to summon assistance to take her to Henry Ford Hospital, where her injuries were documented and treated.
>
> Patrick Herek, M.D., the emergency room doctor who examined the victim, testified that he documented no abnormalities to the victim's head and face area, some abrasions on the back of her neck, tenderness on her left middle back, and an anal tear. Herek said that the victim also had multiple abrasions on both arms, contusions on her buttocks and both knees, tenderness over her left big toe and left pinkie toe, and a shallow, one-centimeter laceration on her right shin. He testified that he had no way of knowing what caused the injuries. However, he noted that if a toe hurts where an x-ray shows an irregularity, it is general practice to assume that the injury is new.
>
> The following day, the victim underwent an examination by Samantha Warkentien, a sexual assault nurse examiner, who documented her injuries related to the sexual assault. Warkentien identified three tears to the perineum that were not in the healing stage, the largest of which was 10.980 millimeters in size. Warkentien testified that she could not say what caused the tears, that they were too small to illustrate with one's hand, and that they could be consistent with anal sex.

*People v. Stephens*, No. 324802, 2016 WL 1276452, at *1 (Mich. Ct. App. Mar. 31, 2016), *rev'd in part, appeal denied in part*, 500 Mich. 879 (2016).

Following a jury trial, Petitioner was convicted of first-degree criminal sexual conduct (CSC-I), Mich. Comp. Laws § 750.520b; unlawful imprisonment, Mich. Comp. Laws § 750.349b; and felonious assault, Mich. Comp. Laws § 750.82. The trial court sentenced Petitioner as a habitual offender, fourth offense, to prison terms of thirty to fifty years for the CSC-I conviction, ten to twenty years for unlawful imprisonment, and three to fifteen years for felonious assault. The latter two terms were concurrent, but were to be served consecutively to the CSC-I sentence.

Petitioner appealed by right to the Michigan Court of Appeals. There, she argued (1) that her trial attorney was ineffective because he failed to call an expert witness on the cause of the victim's injuries; (2) the trial court improperly sentenced her based on her lack of remorse; and (3) the trial court erred in scoring fifty points for Offense Variable seven of the Michigan Sentencing Guidelines, aggravated physical abuse. The Michigan Court of Appeals affirmed Petitioner's convictions and sentences. *Stephens*, 2016 WL 1276452.

Petitioner raised the same issues in an application for leave to appeal in the Michigan Supreme Court. That court remanded the case to the trial court pursuant to *People v. Lockridge*, 498 Mich. 358, 870 N.W.2d 502 (2015), for a determination of whether the lower court would have imposed a materially different sentence had it not believed it was bound by the Michigan Sentencing Guidelines. *See People v. Stephens*, 500 Mich. 879, 886 N.W.2d 442 (2016). The state supreme court denied leave to appeal in all other respects. *Id*. On remand, the trial court declined to re-sentence Petitioner, and Petitioner did not appeal that decision.

Subsequently, Petitioner returned to the trial court with a motion for relief from judgment. She included the claims raised on direct appeal, and added two more: trial counsel was constitutionally ineffective for failing to request jury instructions on lesser-included offenses to first-degree CSC charge, and the trial court erred in failing to deliver such instructions. ECF No. 13-11, PageID.1253-54. The court denied Petitioner's motion because three of her issues were previously decided by state court of appeals, and no retroactive change in the law applied; and because Petitioner failed to satisfy the "good cause" requirement for not raising the other claims on direct appeal. ECF No. 13-12, PageID.1321; *see also* 6.508(D)(3)(a). Petitioner sought leave to supplement her motion with a sixth ground, ineffective assistance of appellate counsel. ECF No. 9, PageID.156. The trial court denied leave "for lack of merit on the grounds presented." ECF No. 9, PageID.160.

Petitioner sought leave to appeal the denial of her motions in the state appellate courts. Both the Michigan Court of Appeals and the Michigan Supreme Court denied leave in standard form orders. *See People v. Stephens*, No. 340946 (Mich. Ct. App., Mar. 12, 2018); *People v. Stephens*, 503 Mich. 912, 919 N.W.2d (2018) (Mem).

Now before the court is Petitioner's habeas petition, which advances six grounds for relief:

I.    Ineffective assistance of trial counsel for failing to consult or produce an expert witness on the cause of the complainant's injuries.

II.    Ineffective assistance of trial counsel for failing to request jury instructions on lesser-included offenses to CSC-I.

III.    Trial court error in basing Petitioner's sentence in part on her refusal to admit guilt.

IV.   Due process violation resulting from the trial court's refusal to
      instruct the jury on lesser-included offenses.

 V.   Erroneous calculation of a Michigan Sentencing Guidelines offense
      variable.

VI.   Ineffective assistance of appellate counsel for not raising on appeal
      trial counsel's failure to request lesser-included jury instructions.

## II.  STANDARD

Title 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death

Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, imposes the

following standard of review for habeas cases:

> An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect
> to any claim that was adjudicated on the merits in State court proceedings
> unless the adjudication of the claim —
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law, as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable
> determination of the facts in light of the evidence presented in the State
> court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the

state court arrives at a conclusion opposite to that reached by the Supreme Court on a

question of law, or if the state court decides a case differently than the Supreme Court

has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405–

06 (2000) (O'Connor, J., concurring). An "unreasonable application" occurs when "a

state-court decision unreasonably applies the law of [the Supreme Court] to the facts of

a prisoner's case." *Id*. at 409. "[A] federal habeas court may not issue the writ simply

because that court concludes in its independent judgment that the relevant state-court

decision applied clearly established federal law erroneously or incorrectly." *Id*. at 411.

The AEDPA "imposes a highly deferential standard for evaluating state-court rulings . . . and demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (citations omitted). "A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011) (internal quotation and citation omitted). The Supreme Court has emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id*. at 102. Pursuant to section 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court. *Id*. Although section 2254(d), as amended by the AEDPA, does not completely bar federal courts from re-litigating claims that have previously been rejected in the state courts, a federal court may grant habeas relief only "in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with" the Supreme Court's precedents. *Id*. A "readiness to attribute error [to a state court] is inconsistent with the presumption that state courts know and follow the law." *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002).

"[D]etermining whether a state court's decision resulted from an unreasonable legal or factual conclusion does not require that there be an opinion from the state court explaining the state court's reasoning." *Harrington*, 562 U.S. at 98. Where the state court's decisions provide no rationale, the burden remains on the habeas petitioner to

demonstrate "there was no reasonable basis for the state court to deny relief." *Id*. However, when a state court has explained its reasoning, that is, "[w]here there has been one reasoned state judgment rejecting a federal claim," federal courts should presume that "later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground." *Wilson v. Sellers*, 138 S. Ct. 1188, 1194 (2018) (citing *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Accordingly, when the last state court to rule provides no basis for its ruling, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and apply *Ylst*'s presumption. *Id*. The "look through" rule applies whether the last reasoned state court opinion based its ruling on procedural default, *id*. at 1194 (citing *Ylst*, 501 U.S. at 803), or ruled on the merits. *Id*. at 1195 (citing *Premo v. Moore*, 562 U.S. 115, 123–133 (2011)) (other citation omitted).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption of correctness only with clear and convincing evidence. *Id*. Moreover, for claims that were adjudicated on the merits in state court, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

### III. DISCUSSION

### A. Ineffective assistance of trial counsel for failure to obtain an expert

Petitioner's first claim of error is that she received constitutionally ineffective assistance of trial counsel because her attorney failed to consult with or obtain an expert who could evaluate the injuries to the victim's anus and perineum, and establish they were caused by something other than sexual assault by a bat. The state court of

appeals rejected this claim. It reasoned in part that the victim's credibility was at issue, and trial counsel effectively impeached the victim on the assault. In addition, under counsel's cross-examination, two medical witnesses who examined the victim could not "say what caused the victim's injuries, and [conceded] that her anal injuries could be consistent with anal sex." *Stephens*, 2016 WL 1276452, at *2.

On habeas, the court's review of a lawyer's performance is "doubly deferential." *Abby v. Howe*, 742 F.3d 221, 226 (6th Cir. 2014) (citing *Burt v. Titlow*, 571 U.S. 12, 15 (2013)). The first layer of deference is the familiar deficient performance plus prejudice standard of *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). The second layer under AEDPA asks only "whether the state court was reasonable in its determination that counsel's performance was adequate." *Abby*, 742 F.3d at 226 (citing *Burt*, 571 U.S. at 15). To prevail on an ineffective assistance claim, a habeas petitioner "must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Bell v. Cone*, 535 U.S. 685, 699 (2002).

Success on these claims is relatively rare, because the *Strickland* standard is "'difficult to meet.'" *White v. Woodall*, 572 U.S. 415, 419 (2014) (quoting *Metrish v. Lancaster*, 569 U.S. 351, 357-58 (2013)). The "doubly deferential" standard under AEDPA requires the court to give "both the state court and the defense attorney the benefit of the doubt." *Burt*, 571 U.S. at 15. As a result, "the question is not whether counsel's actions were reasonable," but whether "there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Richter*, 562 U.S. at 105.

Petitioner bases her argument on *Hinton v. Alabama*, 571 U.S. 263, 273 (2014), which observed that "[c]riminal cases will arise where the only reasonable and available

8

defense strategy requires consultation with experts or introduction of expert evidence." *Id*. (citing *Harrington*, 131 S. Ct. at 788). However, in *Babick v. Berghius*, 620 F.3d 571 (2010), the Sixth Circuit suggested that a "reasonably competent lawyer" should be given the opportunity to assess the strength of a case and decide trial strategy – including the use of expert witnesses – accordingly. *Id*. at 576-77.

Here, the state court was not objectively unreasonable in finding that counsel was not ineffective even if he "did not pursue an expert witness[.]" *Stephens*, 2016 WL 1276452, at *2. Counsel could have assessed the case against Petitioner, and decided attacking the complainant's credibility, emphasizing the lack of physical evidence of the beating, and using the prosecution's medical witnesses to support the theory that exogenous anal sex and not the instant encounter caused the complainant's injuries, precluding the need for an expert. This is especially so because "the Supreme Court has held that '[i]n many instances *cross-examination will be sufficient* to expose defects in an expert's presentation. When defense counsel does not have a solid case, the best strategy can be to say that there is too much doubt about the State's theory for a jury to convict.'" *Jackson v. McQuiggin*, 553 F. App'x 575, 582 (6th Cir. 2014) (quoting *Richter*, 131 S. Ct. at 791) (alterations and emphasis in original). And establishing ineffective assistance of counsel is difficult "when counsel's overall performance reflects active and capable advocacy." *Id*. (quoting *Richter*, 131 S. Ct. at 791).

Further, Petitioner failed to demonstrate that she was denied the effective assistance of counsel because she has presented no testimony to establish that an expert witness could have been obtained to testify favorably for her on this issue. *Malcum v. Burt*, 276 F. Supp. 2d 664, 682 (E.D. Mich. 2003). Petitioner did provide the

9

state courts a medical journal article regarding "Common Conditions that Mimic Findings of Sexual Abuse." *See* Mich. Ct. App. Rec., ECF No. 13-15, PageID.1370 (Mot. Remand Offer of Proof), PageID.1372-80 (article). However, the article is addressed to pediatric nurse practitioners, and primarily addresses sexual abuse in children. *Id*. The article does not demonstrate that the testimony of an expert was essential to Petitioner's defense, especially when, again, two of the prosecution's own witnesses conceded the possibility of alternative causes for complainant's injuries.

Finally, Petitioner cannot show that but for the absence of the expert, there was a reasonable probability of a different outcome. The jury heard the complainant describe the assault she suffered at the hands of defendants, which included being sodomized with a bat; and heard another eyewitness describe the smell of "feces" from around the complainant after the assault that had not been present before it occurred. Trial Tr., 9/8/14, ECF No. 13-7, PageID.936.

Under all these circumstances, Petitioner cannot demonstrate that an expert's testimony would have swayed the jury; her trial counsel's performance satisfied the *Strickland* standard. Accordingly, Petitioner's first claim does not entitle her to habeas relief.

### B. Lesser-included offense jury instruction claims

Petitioner bases her second, fourth, and sixth claims of error on the lack of jury instructions for the lesser-included offenses of second- and third-degree criminal sexual conduct. Specifically, Petitioner argues that she received ineffective assistance of trial counsel because he failed to request such instructions, appellate counsel was ineffective for not raising trial counsel's failure to request the instruction on direct

appeal, and the trial court erred by not providing such instructions *sua sponte*. In arguing that the lesser-included instructions were wrongly omitted, Petitioner cites a note sent by the jury to the trial court during deliberations, which asked, "[w]hat happens if we cannot agree unanimously on the CSC charge for Tamara?" ECF No. 1, PageID.76. The court responded, "[y]ou are to continue to deliberate on this issue." *Id*. The transcript reflects trial counsel's approval of the judge's response, *id*. at PageID.73, and counsel also initialed the court's written answer. *Id*. at PageID.76.

These issues were not raised on Petitioner's direct appeal, but they were included in her motion for relief from judgment and supplemental motion before the trial court. That court rejected Petitioner's arguments because she did not establish "good cause" and "actual prejudice," as required by Michigan's postconviction relief rule, for her failure to raise these issues on direct appeal. ECF No. 13-12, PageID.1321-23. It rejected her motion for leave to add the claim regarding appellate counsel "for lack of merit on the grounds presented." ECF No. 9, PageID.160.

First, Petitioner's claims against defense counsel and the trial court are procedurally defaulted because the trial court found that she failed to show "good cause" for failing to raise these claims in her appeal by right, as required by Michigan Court Rule 6.508(D)(3). Order, 10/20/17, ECF No. 13-12, PageID.1322-23. Both appellate courts denied leave to appeal the trial court's orders. *See People v. Stephens*, No. 340946 (Mich. Ct. App., Mar. 12, 2018); *People v. Stephens*, 503 Mich. 912, 919 N.W.2d (2018) (Mem). Where, as here, those courts did not explain their reasons for granting relief, this Court may "look through" their judgments and assume they relied on

the trial court's rationale for denying relief. *Ivory v. Jackson*, 509 F.3d 284, 292 (6th Cir. 2007) (*Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)).

The ineffective assistance of appellate counsel Petitioner alleges may "'supply the cause that, together with prejudice, would excuse a procedural default.'" *See Bennett v. Brewer*, 940 F.3d 279, 286 (6th Cir. 2019), *cert. denied*, 140 S. Ct. 2534 (2020) (quoting *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004)). "To surmount that obstacle, however, a petitioner must meet the standard laid out in *Strickland* by showing both that her appellate counsel's failure to raise her ineffective-assistance-of-trial-counsel claims was objectively unreasonable and that the failure prejudiced her on appeal." *Id*. (citing *McFarland*, *supra*). This further requires Petitioner "establish a reasonable probability that her trial-counsel claims would have prevailed on direct appeal." *Id*. (citing *Mapes v. Coyle*, 171 F.3d 408, 413–14 (6th Cir. 1999)) (other citation omitted).

An evaluation of the merits of Petitioner's issues[2] demonstrates that she cannot establish her trial counsel claim would have prevailed, and therefore cannot overcome the procedural default bar. That is, a decision not to request jury instructions on all possible lesser-included offenses may be an appropriate trial strategy. *See Tinsley v. Million*, 399 F.3d 796, 808 (6th Cir. 2005). Counsel's decision to pursue an "all or nothing" defense, in the form of a complete acquittal on the charges in lieu of permitting a lesser conviction, was a reasonable one. *See Kelly v. Lazaroff*, 846 F.3d 819, 830 (6th

---

[2] Courts may bypass analysis of procedural default and proceed directly to the merits of a petitioner's claim. *Arias v. Hudson*, 589 F.3d 315, 316 (6th Cir. 2009) (citing *Lambrix v. Singletary*, 520 U.S. 518, 525 (1997)).

Cir. 2017). Accordingly, the state courts were not unreasonable in rejecting this argument by Petitioner.

And appellate counsel was not ineffective for omitting the issue on direct appeal. Longstanding precedents support "[e]xperienced advocates . . . winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751–52 (1983). This is so because "[a] brief that raises every colorable issue runs the risk of burying good arguments," and because "impos[ing] on appointed counsel a duty to raise every 'colorable' claim suggested by a client" undermines the "goal of vigorous and effective advocacy." *Id*. at 753, 754. The issue of the omitted jury instruction was weaker than those appellate counsel did raise on direct appeal: trial counsel's ineffectiveness for not seeking an expert and Petitioner's sentencing claims.

Petitioner provided this court appellate counsel's explanations for refusing to raise the ineffective assistance of trial counsel. These further demonstrate the relative weakness of this argument and that appellate counsel's decision not to raise it was an "exercise of reasonable professional judgment." *Kelly*, 846 F.3d at 829 (citing *Strickland*, 466 U.S. at 691). First, he explained the claim could not be raised because the issue was unpreserved. Am. Pet., ECF No. 5, PageID.109. He also informed Petitioner that courts "have held that not requesting lesser included instructions is a legitimate trial strategy and not ineffective assistance of counsel." ECF No. 9, PageID.129.

As a general matter, a trial court's failure to deliver, *sua sponte*, lesser-included offence instructions are at best errors that violate only state law and "may not form the basis for federal habeas relief." *Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020)

(citing *Gilmore v. Taylor*, 508 U.S. 333, 344 (1993)). Therefore, Petitioner's reliance on Michigan case law, which holds that a lesser-included offense instruction must be given if a rational review of the evidence supports it, *People v. Nickens*, 470 Mich. 622 (2004), does not establish her entitlement to relief.

Finally, the Sixth Circuit has rejected due process arguments by habeas petitioners over a trial court's refusal to instruct on a lesser included offense. *See*, *e.g.*, *McMullan v. Booke*r, 761 F.3d 662, 666 (6th Cir. 2014). The *McMullan* court noted that "[t]he Supreme Court . . . has never held that the Due Process Clause requires instructing the jury on a lesser included offense in a non-capital case." *Id*. at 667 (citing *Beck v. Alabama*, 447 U.S. 625, 638 n. 14 (1980)).

Petitioner has not established trial counsel was constitutionally ineffective for failing to request a lesser-included jury instruction, nor that appellate counsel was ineffective for failing to raise that omission on direct appeal. Further, no clearly established Federal law supports Petitioner's position that the trial court erred in not issuing such an instruction *sua sponte*. In fact, Supreme Court (and Sixth Circuit) precedent is against her. She is not entitled to habeas relief on these three claims.

### C. Remand for resentencing before a different judge

Petitioner next claims that the trial court violated her due process rights by using her alleged lack of remorse to impose an unnecessarily harsh sentence. The state court of appeals disagreed:

> Although the court did observe that defendant did not show remorse for her actions, the court's observation was in the context of its remarks about the letters submitted on defendant's behalf, and served to draw attention to the contrast between defendant's reputation among her supporters and her behavior toward the victim. The trial court did not attempt to get defendant to admit her guilt nor imply that her sentence would be less if

she did. Rather, it is clear the trial court based its sentence on the
"heinous" nature of defendant's actions.

*Stephens*, 2016 WL 1276452, at *3.

Petitioner has cited only state law precedents in support of this argument, ECF
No. 1, PageID.45-46, the violation of which do not support habeas relief. *Bradshaw v.
Richey*, 546 U.S. 74, 76 (2005) (per curiam). The most pertinent precedent from the
U.S. Supreme Court, *Mitchell v. United States*, 526 U.S. 314 (1999), held that the Fifth
Amendment was violated at sentencing when the silence of a habeas petitioner was
held "against her in determining the facts of the offense." *Id*. at 330. However, *Mitchell*
expressly excluded the question of whether a sentencing court may consider a
defendant's silence evidence of remorse. *Id*. ("Whether silence bears upon the
determination of a lack of remorse, or upon acceptance of responsibility . . . is a
separate question. It is not before us, and we express no view on it.").

More recently, the Supreme Court applied *Mitchell* to the question of whether a
no-adverse-inference jury instruction must be given during the penalty phase, to protect
a defendant's Fifth Amendment rights at sentencing. *White v. Woodall*, 572 U.S. 415,
418-19 (2014). *White* observed that "[t]he Courts of Appeals have recognized that
*Mitchell* left . . . unresolved" the question of silence and remorse. *Id*. at 422 n.3
(collecting cases). Accordingly, there is no clearly established federal law which
supports Petitioner's claim.

### D. Erroneous Scoring of Offense Variable 7

Finally, Petitioner challenges her 50 point score under Michigan Sentencing Guidelines Offense Variable (OV) 7, aggravated physical abuse, which determined her minimum sentencing range for the CSC-I and unlawful imprisonment convictions. The court of appeals reviewed the statute and case law to determine the criteria to score OV 7. It then applied trial testimony and evidence to the criteria, and determined that Petitioner's actions were designed to increase the "victim's fear and anxiety . . . by a considerable amount." *Stephens*, 2016 WL 1276452, at *4. The court held the offense variable was appropriately scored for both convictions. *Id*.

This issue was also included in Petitioner's motion for relief from judgment. The trial court held that Mich. Ct. R 6.508(D)(2) precluded consideration of the issue, because the court of appeals had previously addressed it and Petitioner did not argue any exceptions applied. Order, ECF No. 13-12, PageID.1322. The trial court also noted that the issue had been "fully argued" by trial counsel following the state supreme court's *Lockridge* remand, and that Petitioner had not appealed the trial court's related ruling on re-sentencing. *Id*.

Petitioner is not entitled to habeas relief on this issue because these are questions of state law and because her sentence does not otherwise violate constitutional protections. In general, "a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus," and federal habeas relief is not available for errors of state law. *Bradshaw*, 546 at 76. More specifically, "[e]rrors in the application of state sentencing guidelines . . . cannot independently support habeas relief." *Kissner v.*

*Palmer*, 826 F. 3d 898, 904 (6th Cir. 2016). Habeas petitioners have "no state-created interest in having the Michigan Sentencing Guidelines applied rigidly" in their sentence determinations. *Mitchell v. Vasbinder*, 644 F. Supp. 2d 846, 867 (E.D. Mich. 2009). Therefore, a claim like Petitioner's, that the state trial court incorrectly scored, calculated, or applied state legislative sentencing guidelines, is not a cognizable claim for federal habeas review because it is based solely on state law. *Paris v. Rivard*, 105 F. Supp. 3d 701, 724 (E.D. Mich. 2015) (citing *McPhail v. Renico*, 412 F. Supp. 2d 647, 656 (E.D. Mich. 2006)).

Petitioner also characterized this issue as a due process violation. ECF No. 1, PageID.11. Habeas relief is potentially available where "[v]iolations of state law and procedure . . . infringe specific federal constitutional protections[.]" *Cook v. Stegall*, 56 F. Supp. 2d 788, 797 (E.D. Mich. 1999) (citing 28 U.S.C. § 2254; *Estelle v. McGuire*, 502 U.S. 62 (1991)). An alleged violation of state law "could, potentially 'be sufficiently egregious to amount to a denial of equal protection or of due process of law guaranteed by the Fourteenth Amendment.'" *Bowling v. Parker*, 344 F.3d 487, 521 (6th Cir. 2003). And a criminal sentence may violate due process if it is based upon "material 'misinformation of constitutional magnitude.'" *Koras v. Robinson*, 123 F. App'x 207, 213 (6th Cir. 2005) (quoting *Roberts v. United States*, 445 U.S. 552, 556 (1980)); *see also United States v. Tucker*, 404 U.S. 443, 447 (1972); *Townsend v. Burke*, 334 U.S. 736, 741 (1948). Such a claim requires a petitioner show that the information relied upon by the court in imposing the sentence was materially false. *Koras*, 123 F. App'x at 213 (quoting *United States v. Stevens*, 851 F.2d 140, 143 (6th Cir.1988)); *see also United States v. Polselli*, 747 F.2d 356, 358 (6th Cir. 1984).

However, Petitioner does not assert that the score was based on materially false information; she simply challenges how the trial court interpreted the guidelines and applied trial testimony to the variable. Nor has she provided any other basis to find her sentence "sufficiently egregious" as to offend due process. *Bowling*, 344 F.3d at 521.

Finally, because "wide discretion is accorded a state trial court's sentencing decision," habeas challenges to such sentences "are not generally cognizable upon federal habeas review, unless the petitioner can show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citation omitted). "[A] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Organek*, 65 F.3d 60, 62–63 (6th Cir. 1995) (citing *United States v. Williams*, 15 F.3d 1356, 1364 (6th Cir. 1994)).

Here, Petitioner's sentence is within the statutory limits for her offense. First-degree criminal sexual conduct is a felony punishable by a term of imprisonment of life or any term of years. Mich. Comp. Laws § 750.520b(2)(a). Unlawful imprisonment may be punished by a maximum of fifteen years. Mich. Comp. Laws § 750.349b(2). The statute governing habitual offender enhancement for a fourth felony conviction permits a court to "sentence the person to imprisonment for life or for a lesser term" if the sentencing offense could otherwise be punished by a maximum term of five years or more. Mich. Comp. Laws § 769.12. Accordingly, Petitioner's maximum terms of fifty years for the CSC conviction and fifteen years for unlawful imprisonment are authorized by law and do not offend Petitioner's constitutional rights.

The habeas petitioner bears the burden of demonstrating her entitlement to habeas relief. *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citing *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (per curiam)). Petitioner's state law challenge to her sentence is not cognizable on habeas review, and she has not shown a due process violation or any other error of constitutional magnitude.

## IV. CERTIFICATE OF APPEALABILITY

Before Petitioner may appeal the court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal citation and quotation marks omitted). In this case, reasonable jurists would not debate the conclusion that the petition fails to state a claim upon which habeas corpus relief should be granted. The court will deny a certificate of appealability.

## V.  CONCLUSION

Petitioner is not entitled to habeas corpus relief for any of her claims of error.

Accordingly,

IT IS ORDERED that the Petition for Writ of Habeas Corpus is DENIED.

IT IS FURTHER ORDERED that a Certificate of Appealability is DENIED.


s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  January 12, 2022


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, January 12, 2022, by electronic and/or ordinary mail.

s/Lisa G. Wagner
Case Manager and Deputy Clerk
(810) 292-6522

S:\Cleland\Cleland\JUDGE'S DESK\C3 ORDERS\17-12658.STEPHENS.Habeas.ps.chd.docx